1  CARLE, MACKIE, POWER & ROSS, LLP
   RICHARD C. O'HARE (SBN 167960)
2  (rohare@cmprlaw.com)
   JOHN B. DAWSON (SBN 242161)
3  (jdawson@cmprlaw.com)
   100 B Street, Suite 400
4  Santa Rosa, California 95401
   Telephone: (707) 526-4200
5  Facsimile: (707) 526-4707

6  Attorneys for Plaintiff
   WHITE OAK VINEYARDS & WINERY LLC
7

8                    UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| WHITE OAK VINEYARDS & WINERY LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHITE OAK SPIRITS, LLC, a Florida limited liability company,<br><br>Defendant. | Case No: 14-9830<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Federal Trademark Infringement<br>2. Federal Unfair Competition<br>3. Cal. Unfair Competition B&P Code § 17200 et seq.<br>4. Common Law Injury to Business Reputation<br>5. Common Law Unfair Competition<br>6. Common Law Trademark Infringement<br><br>*JURY TRIAL DEMANDED* |

    Plaintiff White Oak Vineyards and Winery LLC, a California limited liability company ("White Oak" or "Plaintiff"), by and through its attorneys Carle, Mackie, Power and Ross LLP, as and for its Complaint against Defendant, White Oak Spirits, LLC ("Defendant") alleges as follows:

## NATURE OF ACTION

    1.    White Oak is the owner of the registered trademark WHITE OAK®, U.S. Registration No. 3,049,660 for wine (the "WHITE OAK Mark"). This action arises out of Defendant's unauthorized incorporation and infringing use of the WHITE OAK Mark on, inter alia, Defendant's vodka products.

**CARLE, MACKIE,**
**POWER & ROSS LLP**

1

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESCRIPTION

2.  Despite White Oak's written requests, Defendant has refused to cease its use of the WHITE OAK Mark.  Accordingly, White Oak brings this action for infringement of the WHITE OAK Mark in violation of § 32 of the Lanham Act, 15 U.S.C. §§ 1114(1); for unfair competition and false designation of origin in violation of § 43 of the Lanham Act, 15 U.S.C. § 1125(a); for unfair competition arising under Cal. Bus. & Prof. Code 17200 et seq.; for common law injury to business reputation; and for unfair competition and trademark infringement under the common law of the State of California.

## JURISDICTION AND VENUE

3.  This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. § 1121. This Court has related claim jurisdiction over the state law claim pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

4.  This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and in this judicial district ("district"), directed its activities to the State of California and this district, committed the tort of infringement in this district, and/or expected or should reasonably have expected its acts to have consequences in the State of California and this district.

5.  Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because Defendant is conducting business in this district, a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant is an entity with the capacity to sue and be sued in its common name and is subject to personal jurisdiction in this district.

## THE PARTIES

6.  Plaintiff White Oak Vineyards & Winery LLC is, and at all times mentioned herein was, a limited liability company existing under the laws of the State of California, having a principal place of business in Healdsburg, California.

7.  Upon information and belief, Defendant White Oak Spirits, LLC is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of the State of Florida having a principal place of business in the State of Florida.

8.  Defendant is marketing and selling infringing vodka products in and around the

Los Angeles, California area and, on information and belief, throughout the United States.

## FACTUAL BACKGROUND

9. For more than 30 years, White Oak has marketed and sold ultra premium wines under the WHITE OAK Mark. During this period, White Oak has sold millions of bottles of wine, the labels of which prominently featured, and continue to feature, the WHITE OAK Mark.

10. On October 4, 2004, White Oak applied to register the WHITE OAK Mark with the United States Patent and Trademark Office (the "PTO") in International Class 033 for "Wine." On January 24, 2006, the PTO approved White Oak's application and issued a Certificate of Registration for the WHITE OAK Mark for "Wine" in International Class 033, U.S. Reg. No. 3,049,660. On June 30, 2011, White Oak filed a combined Declaration of Use and Incontestability under Sections 8 and 15 with the PTO for the WHITE OAK Mark. Accordingly, the WHITE OAK trademark registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. § 1065 and § 1115(b).

11. White Oak also owns the domain name www.whiteoakwinery.com, and has operated a website at this address to promote its goods under the WHITE OAK Mark since approximately June 2001.

12. Since approximately 1981, White Oak has invested many hundreds of thousands of dollars in developing and promoting the WHITE OAK brand and to maintain the preeminent reputation of the brand in the State of California and throughout the United States. Accordingly, the WHITE OAK brand now enjoys considerable goodwill in the alcoholic beverage industry, among consumers, and among the general public. As a result of White Oak's efforts, the WHITE OAK Mark is widely recognized and respected by consumers as well as by members of the trade: distributors, licensed bars and restaurants, and retailers in the State of California and throughout the United States recognize the WHITE OAK Mark as an exclusive designation of source for the goods of White Oak. White Oak also has been diligent and aggressive in policing its mark.

13. On information and belief, Defendant was founded in 2013 for the purpose of distributing and selling alcoholic beverage products. Defendant's activities are directed to

consumers as well as members of the alcoholic beverage trade.  Defendant has been marketing and selling, and continues to market and sell, alcoholic beverage products bearing the infringing mark WHITE OAK.  On information and belief, Defendant is the registrant of the domain name **www.whiteoakvodka.com** and maintains a website at this URL to market and promote its infringing WHITE OAK alcoholic beverage products.  In addition to maintaining its website, Defendant maintains a presence on major social networking sites such as Facebook, Twitter and Instagram and promotes its infringing alcoholic beverage products.

14. On information and belief, in 2013 Defendant partnered with The MEDIUM Group to create an offline and online experiential campaign to promote its vodka products under the brand name WHITE OAK during the Art Basel Miami Beach event.  On information and belief, this single promotion resulted in approximately 3 million impressions via social media, media coverage reaching over 1.3 million readers and a Twitter reach of nearly 800,000 users.

15. On information and belief, Defendant continues the aggressive marketing of its alcoholic beverage products under the identical and infringing brand name WHITE OAK, sponsoring events such as "A Night of 'Living'" at the Coco Laurent restaurant in Los Angeles, California and the "Woman to Woman" event at Tiato Kitchen Bar Garden in Santa Monica, California.  Furthermore, on information and belief, Defendant maintains a brand manager and/or sales representative in Los Angeles, California.

16. Defendant's trade name and its WHITE OAK product name are confusingly similar to the long-standing WHITE OAK Mark, given that both the Defendant's trade name and its product name incorporate the entirety of the WHITE OAK Mark.  Moreover, the harm arising from this similarity is exacerbated by the relatedness of White Oak's and Defendant's goods, both of which are alcoholic beverages.

17. Defendant's use and incorporation of the WHITE OAK Mark in its trade name, its product name and its domain name, is likely to cause confusion, mistake or deception in the minds of consumers as to the source of Defendant's products, as to White Oak's affiliation, connection, or association with Defendant, and/or as to White Oaks's approval or sponsorship of Defendant's products or commercial activities.

18. Defendant's infringing use of a confusingly similar trade name and a confusingly similar product name will financially harm White Oak by diminishing the value of the WHITE OAK Mark as an indicator of the source of its wines. Upon information and belief, Defendant's use and incorporation of the WHITE OAK Mark in its trade name and its product name will increase the popularity and profitability of Defendant's products and business. Moreover, White Oak and consumers will be harmed by such confusion as Defendant's brand will unjustly benefit from the false association with White Oak's WHITE OAK Mark at no cost to Defendant. This will harm WHITE OAK by endangering and undermining the ability of its WHITE OAK Mark to serve as a unique and distinctive indicator of the quality and characteristics of the goods bearing the mark.

19. Defendant is well aware of White Oak's trademark rights in the WHITE OAK Mark. Indeed, on August 28, 2013, the PTO issued an office action refusing Defendant's application to register the trademark WHITE OAK PREMIUM VODKA for "Liquor" in International Class 033 because of the likelihood of confusion with White Oak's registered WHITE OAK Mark. Despite arguments made by Defendant against the refusal, on February 13, 2014, the PTO maintained and continued its refusal to register the mark because it is confusingly similar to White Oak's registered WHITE OAK Mark.

20. Further acknowledging White Oak's trademark rights, on May 22, 2014, Defendant, in a letter from its attorney to White Oak's attorney, inquired as to whether White Oak would be willing to execute a "coexistence agreement." (A true and correct copy of this letter is Exhibit A hereto.) On June 23, 2014, White Oak, in a letter from its attorneys, refused to enter into a coexistence agreement with Defendant. (A true and correct copy of this letter is Exhibit B hereto).

21. Despite Defendant's actual knowledge of White Oak's registered trademark, Defendant continues its aggressive marketing campaign to promote its alcoholic beverage product using the WHITE OAK Mark while knowing that such designation is likely to cause confusion, cause mistake or deceive the consuming public.

22. On November 21, 2014, White Oak, through its counsel, demanded that

5

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESCRIPTION

Defendant cease and desist from its unauthorized use of the WHITE OAK Mark in connection with its marketing and sale of alcoholic beverage products. (A true and correct copy of this cease-and-desist letter is Exhibit C hereto.)

23. On December 16, 2014, Defendant, in a letter from its counsel, responded to the November 21, 2014 letter but did not agree to cease and desist from its unauthorized use of the WHITE OAK Mark. In fact, the December 16, 2014 letter leaves the distinct impression that Defendant intends to continue its unauthorized use of the WHITE OAK Mark. (A true and correct copy of this letter is Exhibit D hereto.)

24. Defendant's action have been deliberate, willful, malicious and intentional and conducted with the intent of trading on the goodwill that inures to the WHITE OAK Mark and reputation of WHITE OAK.

25. This case is an exceptional case, entitling White Oak to treble damages and attorneys' fees as allowed for under the Lanham Act and California law.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT: 15 U.S.C. §1114.

26. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 25.

27. Defendant's use of the WHITE OAK Mark on its alcoholic beverage products, and incorporation into its www.whiteoakvodka.com domain name, constitute use in commerce of a reproduction, copy or colorable imitation, and thus infringement, of White Oak's registered WHITE OAK trademark in connection with the offering for sale, distribution or advertising of goods on or in connection with which such use is likely to cause consumer confusion, mistake and deception as to source, sponsorship or approval of the Defendant's goods in violation of 15 U.S.C. § 1114. Moreover, Defendant's foregoing acts are causing irreparable harm to White Oak for which there is no adequate remedy at law.

28. Defendant's ongoing acts of infringement are willful and deliberate, and result in substantial damage to White Oak in an amount to be determined at trial.

29. By reason of the foregoing acts, Defendant is liable to White Oak for trademark

infringement under 15 U.S.C. § 1114.

## SECOND CLAIM

### UNFAIR COMPETITION 15 U.S.C. § 1125(a)

30. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 29.

31. Defendant's use of the WHITE OAK Mark in connection with alcoholic beverage products is such a colorable imitation and copy of White Oak's established trademark that Defendant's use thereof in the context of its alcoholic beverage products is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of White Oak's products, or to deceive consumers as to the origin, sponsorship or approval of Defendant's products in violation of 15 U.S.C. § 1125(a).

32. Defendant's incorporation and use of the WHITE OAK Mark on its products and in its domain name www.whiteoakvodka.com constitute unfair competition in violation of 15 U.S.C. § 1125(a).

33. Defendant's use of the WHITE OAK Mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

34. Defendant's ongoing acts of unfair competition and false designation of origin are willful and deliberate, and result in substantial damage to White Oak in an amount to be determined at trial.

## THIRD CLAIM

### UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 et seq.

35. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 34.

36. Defendant's actions discussed herein constitute unfair competition within the meaning of California Business and Professions Code § 17200.

37. Pursuant to California Business and Professions Code § 17203, White Oak is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement of all of Defendant's profits associated with this unfair

competition.

## FOURTH CLAIM

### COMMON LAW INJURY TO BUSINESS REPUTATION

38. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 37.

39. Defendant's use of White Oak's WHITE OAK Mark inures and creates a likelihood of injury to White Oak's business reputation because persons encountering White Oak and its products and services will believe that White Oak is affiliated with or related to or has the approval of Defendant, and any adverse reaction by the public to Defendant and the quality of its products and the nature of its business will injure the business reputation of White Oak and the goodwill that it enjoys in connection with its WHITE OAK Mark.

## FIFTH CLAIM

### COMMON LAW TRADEMARK INFRINGEMENT

40. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 39.

41. Defendant's actions constitute unfair competition under the common law of the State of California.

42. Defendant's ongoing acts of unfair competition are willful and deliberate, and result in substantial damage to White Oak in an amount to be determined at trial.

## SIXTH CLAIM

### COMMON LAW TRADEMARK INFRINGEMENT

43. Plaintiff repeats, and hereby incorporates herein by reference as though specifically pleaded herein, the allegations of paragraphs 1 through 42.

44. The general consuming public of California widely recognizes the WHITE OAK Mark as designating White Oak as the source of alcoholic beverage products. White Oak has common law trademark rights in the WHITE OAK Mark under California law.

45. Defendant's actions, as hereinbefore alleged, constitute trademark and service mark infringement in violation of the common law of the State of California.

46. Defendant's ongoing acts of infringement are willful and deliberate, and result in substantial damage to White Oak in an amount to be determined at trial.

Wherefore, Plaintiff prays:

1. For an order requiring Defendant to show cause why it should not be enjoined as set forth herein, during the pendency of this action, upon application for such by Plaintiff;

2. That Defendant and its agents, officers, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under authority from Defendant, and each of them, be preliminarily and permanently enjoined from:(a) using White Oak's WHITE OAK Mark or any colorable imitation thereof; (b) using any trademark that imitates or is confusingly similar to or in any way similar to White Oak's trademark WHITE OAK, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of White Oak's products or their connectedness to Defendant;

3. That Defendant be required to file with the Court and serve on White Oak within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

4. That, pursuant to 15 U.S.C. § 1117, Defendant be held liable for all damages suffered by White Oak resulting from the acts alleged herein;

5. That, pursuant to 15 U.S.C. § 1117, Defendant be compelled to account to White Oak for any and all profits derived by it from its illegal acts complained of herein;

6. That the Defendant be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendant bearing a trademark found to infringe White Oak's WHITE OAK Mark rights, as well as all plates, matrices, and other means of making the same;

7. That Defendant be ordered to pay punitive damages in amount to be determined at trial;

8. That the Court declare this to be an exceptional case and award White Oak, treble

damages, its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

9. That the Court grant White Oak any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and,

10. For such and other further relief that the court deems just and proper.

Dated: December 24, 2014

Respectfully submitted,

CARLE, MACKIE, POWER & ROSS LLP

By:    /s/ Richard C. O'Hare
      Richard C. O'Hare
      John B. Dawson

100 B Street, Suite 400
Santa Rosa, CA 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707

Attorneys for Plaintiff
White Oak Vineyards and Winery LLC.

## DEMAND FOR JURY TRIAL

As set forth in its Complaint and prayer for relief, Plaintiff hereby requests a trial by jury in this matter.

Dated: December 24, 2014

                          Respectfully submitted,

                          CARLE, MACKIE, POWER & ROSS LLP

                          By:   /s/ Richard C. O'Hare
                                Richard C. O'Hare
                                John B. Dawson

                          100 B Street, Suite 400
                          Santa Rosa, CA 95401
                          Telephone: (707) 526-4200
                          Facsimile: (707) 526-4707

                          Attorneys for Plaintiff
                          White Oak Vineyards and Winery LLC.