Marc E. Hankin (SBN 170505)
E-Mail: Marc@HankinPatentLaw.com
Kevin Schraven (SBN: 259446)
Kevin@HankinPatentLaw.com
Anooj Patel (SBN: 300297)
Anooj@HankinPatentLaw.com
**HANKIN PATENT LAW, APC**
12400 Wilshire Boulevard, Suite 1265
Los Angeles, CA 90025
Phone: (310) 979-3600
Fax: (310) 979-3603

Attorneys for Defendants,
**WHITE OAK SPIRITS, LLC**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

White Oak Vineyards & Winery, LLC,
Plaintiff,
v.
White Oak Spirits, LLC,
Defendant.

Case No. 2:14-CV-09830-MWF (PJWx)

The Honorable Michael W. Fitzgerald

**DEFENDANT WHITE OAK SPIRITS, LLC'S ANSWER;**

**JURY DEMAND.**

Defendant White Oak Spirits, LLC, ("Defendant") by and through its undersigned Counsel of Record, hereby Answers and Responds to the Complaint of Plaintiff White Oak Vineyards & Winery, LLC ("Plaintiff"), as follows:

**ANSWER**

Defendant responds to the allegations of the Complaint, paragraph by paragraph, as follows:

**NATURE OF ACTION**

1. Defendant notes that the Complaint is defective because it fails to comply with the clear, unambiguous requirement of Local Rule 8-1. Beyond that, Defendant admits that Plaintiff White Oak Vineyards & Winery appears to own Registration No. 3,049,660 for "wine". Defendant denies the remaining averments set forth in this paragraph.

2. No response is necessary regarding the statutory basis for this complaint. Defendant denies the remaining averments set forth in this paragraph.

## JURISDICTION AND VENUE

3. Defendant notes that the Complaint is defective because it fails to comply with the clear, unambiguous requirement of Local Rule 8-1. Beyond that, Defendant admits the averments of paragraph 3.

4. Defendant denies the averments of paragraph 4.

5. Defendant denies the averments of paragraph 5.

## THE PARTIES

6. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 6, and therefore denies the same.

7. Defendant admits the averments of paragraph 7.

8. Defendant admits that it sells vodka in the United States and has sold vodka in Los Angeles, California. Defendant denies the remaining averments of paragraph 8.

## FACTUAL BACKGROUND

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 9, and therefore denies the same.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 10, and therefore denies the same.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the averments of paragraph 11, and therefore denies the same.

12. Defendant lacks sufficient knowledge or information to form a belief as to

the truth of the averments of paragraph 12, and therefore denies the same.

13. Defendant admits that it was founded in 2013 and that it owns the domain name www.whiteoakvodka.com. Defendant denies the remaining averments of paragraph 13.

14. Defendant admits the averments of paragraph 14.

15. Defendant admits that it has sponsored several events, and has a sales representative in Los Angeles, California, but denies the remaining averments of paragraph 15.

16. Defendant denies the averments of paragraph 16.

17. Defendant denies the averments of paragraph 17.

18. Defendant denies the averments of paragraph 18.

19. Defendant admits that it filed a trademark application for WHITE OAK VODKA for "liquor" and responded to an initial refusal from the United States Patent and Trademark Office. Defendant denies the remaining averments set forth in paragraph 19.

20. Defendant admits that Defendant and its Counsel has corresponded with Plaintiff and its Counsel on several occasions, but denies the remaining averments set forth in paragraph 20.

21. Defendant denies the averments in paragraph 21.

22. Defendant admits the averments in paragraph 22.

23. Defendant admits that it responded to Plaintiff's correspondence, but denies the remaining averments in paragraph 23.

24. Defendant denies the averments in paragraph 24.

25. Defendant denies the averments in paragraph 25.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT: 15 U.S.C. §1114

26. Defendant repeats, and hereby incorporates herein by reference, its

responses to paragraphs 1 through 25.

27. Defendant admits that it has used the trademark WHITE OAK VODKA, but denies the remaining averments in paragraph 27.

28. Defendant denies the averments in paragraph 28.

29. Defendant denies the averments in paragraph 29.

**SECOND CLAIM**

**UNFAIR COMPETITION 15 U.S.C. §1125(a)**

30. Defendant repeats, and hereby incorporates herein by reference, its responses to paragraphs 1 through 29.

31. Defendant denies the averments in paragraph 31.

32. Defendant denies the averments in paragraph 32.

33. Defendant denies the averments in paragraph 33.

34. Defendant denies the averments in paragraph 34.

**THIRD CLAIM**

**UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS AND PROFESSIONS CODE §17200 et seq.**

35. Defendant repeats, and hereby incorporates herein by reference, its responses to paragraphs 1 through 34.

36. Defendant denies the averments in paragraph 36.

37. Defendant denies the averments in paragraph 37.

**FOURTH CLAIM**

**COMMON LAW INJURY TO BUSINESS REPUTION**

38. Defendant repeats, and hereby incorporates herein by reference, its responses to paragraphs 1 through 37.

39. Defendant denies the averments in paragraph 39.

**FIFTH CLAIM**

**COMMON LAW TRADEMARK INFRINGEMENT [sic]**

40. Defendant repeats, and hereby incorporates herein by reference, its responses to paragraphs 1 through 39.

41. Defendant denies the averments in paragraph 41.

42. Defendant denies the averments in paragraph 42.

**SIXTH CLAIM**

**COMMON LAW TRADEMARK INFRINGEMENT**

43. Defendant repeats, and hereby incorporates herein by reference, its responses to paragraphs 1 through 42.

44. Defendant denies the averments in paragraph 44.

45. Defendant denies the averments in paragraph 45.

46. Defendant denies the averments in paragraph 46.

**AFFIRMATIVE DEFENSES AND OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim for Relief)**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Non-Infringement of U.S. Trademark Registration Number 3,049,660)**

2. Defendant did not engage in, and Plaintiff cannot prove, the alleged infringement of U.S. Trademark Registration Number 3,049,660.

**THIRD AFFIRMATIVE DEFENSE**

**(Non-Infringement of Trademark)**

3. Defendant did not engage in, and Plaintiff cannot prove, the alleged infringement of any Trademark interest allegedly held by Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

**(Innocent Infringement)**

4. If Defendant infringed any Trademark interest allegedly held by Plaintiff,

Defendant did so with innocent intent.

**FIFTH AFFIRMATIVE DEFENSE**

**(Thin Trademark)**

5. Plaintiff's Trademark, if any, is entitled only to thin Trademark protection, and Plaintiff cannot establish infringement under the principles governing thin Trademark.

**SIXTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel)**

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel, by coexisting with multiple "White Oak" trademarks, owned by others, not connected with Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Causation)**

7. Plaintiff's claims are barred, in whole or in part, by reason of the fact that if Plaintiff suffered any injury or damages, that any such injury or damage was caused in whole or in part by the acts, omissions and conduct of Plaintiff.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Intervening Causation)**

8. To the extent Plaintiff has any claim for damages, which claim is expressly denied, Defendant affirmatively asserts that such claims are barred because any loss, damage or injury, as alleged in the complaint or otherwise, if any, is the direct and proximate result of intervening or superseding conduct or parties other than Defendant, thereby absolving Defendant from any obligations to indemnify, or pay Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

**(Acquiescence)**

9. Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence in allowing multiple third party uses of "White Oak" trademarks.

**TENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

10. The actions of Defendant were undertaken in good faith, without malice, with probable cause, and were fully justified and reasonable under the circumstances.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Uncertainty; Speculative Damages)**

11. The Complaint and each purported Claim for Relief asserted therein are uncertain, and therefore, any possible recovery would be speculative at best.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to State Facts Sufficient for Damages)**

12. Plaintiff's Complaint fails to state facts sufficient to support an award of damages, or for attorneys' fees, expert witness fees, or any other litigation fees, costs, and expenses as against Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Legal Causation)**

13. At all times mentioned in Plaintiff's Complaint, Defendant's acts and omissions, if any, were not a legal cause of damages, if any, to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Reservation Of Additional Affirmative Defenses)**

14. Defendant may have additional defenses that cannot be articulated at this early date due to Plaintiff's failure to particularize its claims and due to Plaintiff's failure to provide more specific information concerning the nature of its alleged claims for damages and certain costs for which Plaintiff allege that Defendant may bear some responsibility. Defendant therefore reserve the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents produced, upon discovery of further information concerning the claims for alleged

damages and costs, and upon development of other pertinent information during the course of this litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that Plaintiff's claims be DENIED in full and that the Court award Defendant relief as set forth below:

a. That Plaintiff take nothing by reason of its Complaint;

b. That the Court dismiss the Complaint and each purported cause of action therein with prejudice;

c. In the alternative, that judgment be entered against Plaintiff on the Complaint and in favor of Defendant;

d. For costs of suit and attorneys' fees to the maximum extent permitted by law; and

e. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: January 26, 2015

By: /Marc E. Hankin/

Marc E. Hankin, Esq.
Attorneys for Defendant,
White Oak Spirits, LLC

**JURY TRIAL DEMANDED**

Defendant hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated: January 26, 2015

By: /Marc E. Hankin/

Marc E. Hankin, Esq.

Attorneys for Defendant,

White Oak Spirits, LLC

Of Counsel:

Jon A. Schiffrin, Esq. (*Pro hac vice* to be filed)
Email: jon@schiffrinlaw.com
Schiffrin & Longo, P.C.
8201 Greensboro Drive, Suite 300
McLean, VA 22102
(703) 288-5248/Telephone
(703) 288-4003/Facsimile