FISCAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES

| | |
|---|---|
| WHITE OAK VINEYARDS & WINERY LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>WHITE OAK SPIRITS, LLC, a Florida limited liability company,<br><br>Defendant. | Case No: 2:14-cv-09830-MWF (PJWx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AS AGAINST DEFENDANT WHITE OAK SPIRITS, LLC** |

Plaintiff White Oak Vineyards & Winery LLC's ("Plaintiff") Motion for Preliminary Injunction ("Motion") was heard by the Honorable Michael W. Fitzgerald on March 9, 2015, at 9:00 a.m.  The Court, having fully considered the Motion submitted by Plaintiff, as well as any oppositions, replies, documents and declarations, if any, in support of the opposition papers and reply brief, and having heard the oral argument and testimony presented at any hearing before this Court, THE COURT FINDS THAT: (1) Plaintiff has made a clear showing that it is likely to succeed on the merits at trial in this action, (2) Plaintiff has shown that it is suffering, and will continue to suffer, immediate and irreparable harm if the requested relief is not granted, and (3) the balance of the hardships weighs in favor

CARLE, MACKIE,
POWER & ROSS LLP

of Plaintiff on the present application for a preliminary injunction.

IT IS HEREBY ORDERED THAT a Preliminary Injunction shall issue as follows: Defendant White Oak Spirits, LLC ("Defendant"), is HEREBY ORDERED TO:

1. Immediately cease in any infringing activity including advertising, promoting, marketing, franchising, distributing, selling, and offering for sale any goods or services in connection with the infringing product at issue in this case or any product or mark similar to Plaintiff's trademark in any media, whether in person, in print, or by electronic or digital means including, but not limited to, newspapers, magazines, bus shelters, billboards as well as via the Internet, including, but not limited to, company websites, promotional websites, social media websites, YouTube or other video-related websites, food reviewing websites, blogs, email, SMS and the like; and

2. Immediately cease from producing, distributing, selling, importing, marketing, promoting or advertising any beverage that uses the name "WHITE OAK" in the brand name or any other marks that are likely to cause confusion with Plaintiff's WHITE OAK products;

IT IS FURTHER ORDERED THAT: Plaintiff may serve a copy of this Order on any third party that is selling or distributing Defendant's alcoholic beverage product in this District.  The Order shall be accompanied by a request to cease sales of the infringing products.  If such third parties do not cease selling or distributing Defendant's product(s) within fourteen (14) days notice of the Court's Order, Plaintiff may apply to this Court for a seizure order directed to those third parties.

IT IS FURTHER ORDERED THAT: Within fourteen (14) days after entry of this Order of Preliminary Injunction, Defendant shall file with the Court and serve upon Plaintiff's counsel a signed affidavit setting forth the manner and form in which Defendant has complied with the Preliminary Injunction.

IT IS FURTHER ORDERED THAT: Plaintiff shall post a bond in the sum of

1  $100,000 as security for the issuance of this Preliminary Injunction.

4  Dated: March 9, 2015

_____
MICHAEL W. FITZGERALD
United States District Judge